IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBERT E. PARKER,                      )
                                       )
          Plaintiff,                   )
                                       )
     vs.                               )    Civil Action No. 10-0843
                                       )
MICHAEL J. ASTRUE,                     )
Commissioner of Social                 )
Security,                              )
                                       )
          Defendant.                   )

MEMORANDUM

Gary L. Lancaster,
Chief Judge.                          September   6   , 2011

          This  is  an  appeal  from  the  final  decision  of  the

Commissioner  of  Social  Security  denying  plaintiff's  claim  for

disability  insurance  benefits  ("DIB")  and  supplemental  security

income  benefits  ("SSI")  under  Titles  II  and  XVI  of  the  Social

Security  Act  ("Act"),  42  U.S.C.  §  405,  et  seq.;  42  U.S.C.  §

1381,  et  seq.   Plaintiff,  Robert  Parker,  alleges  that  the  court

should  reverse  the  decision  of  the  Administrative  Law  Judge

("ALJ")  and  award  his  benefits  because  he  is  disabled  due  to

back  pain,  hand  pain,  borderline  intellectual  functioning,  and

shortness  of  breath.   The  parties  have  filed  cross-motions  for

summary  judgment.

          Mr.  Parker  argues  that  when  the  ALJ  made  his

determination regarding Mr. Parker's severe impairments, the ALJ

erred  in  failing  to  discuss  his  conditions  of  hand  pain  and

shortness of breath. Mr. Parker also claims that the ALJ erred by improperly analyzing the medical evidence of record. Finally, Mr. Parker claims that the ALJ improperly relied upon the vocational expert's testimony in response to a hypothetical question that did not include his hand and breathing limitations. Defendant contends that there is substantial evidence to support the ALJ's ultimate conclusion that Mr. Parker is not disabled under the Act. According to defendant, the ALJ properly evaluated and considered Mr. Parker's credible impairments, and also properly considered the medical evidence and vocational expert's testimony.

Based on the evidence of record and the briefs filed in support of each party's motion for summary judgment, the court concludes that substantial evidence supports the Commissioner's finding that Mr. Parker is not disabled.

I. BACKGROUND

Mr. Parker protectively applied for DIB and SSI benefits on August 17, 2007 alleging disability as of September 26, 2006. These claims were administratively denied on October 25, 2007. Mr. Parker responded by filing a written request for a hearing. On August 28, 2008, a hearing was held in Seven Fields, Pennsylvania before ALJ Wayne Stanley. Mr. Parker appeared and testified at the hearing. Mary Beth Kopar, an impartial vocational expert, also testified at the hearing. In

2

a decision dated September 12, 2008, the ALJ determined that Mr. Parker was not disabled within the meaning of the Act. On April 27, 2010 the Appeals Council denied Mr. Parker's request for review thereby making the ALJ's decision the final decision of the Commissioner. Mr. Parker commenced this action on June 23, 2010, seeking judicial review of the Commissioner's decision. Mr. Parker and the Commissioner filed motions for summary judgment on October 12, 2010 and November 15, 2010, respectively.

II.    STANDARD OF REVIEW

Where the Commissioner's findings are supported by substantial evidence, we must affirm. Richardson v. Perales, 402 U.S. 389 (1971); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988); see also Welch v. Heckler, 808 F.2d 264, 266-267 (3d Cir. 1988) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal district court may neither reweigh the evidence, nor reverse the Administrative Law Judge merely because it would have decided the claim differently).

Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Pierce v. Underwood, 487 U.S. 552, 565

3

(1988) (internal quotation marks omitted). As long as the
Commissioner's decision is support by substantial evidence, it
cannot be set aside even if the court "would have decided the
factual inquiry differently." Hartranft v. Apfel, 181 F.3d 358,
360 (3d Cir. 1999).

III.    DISCUSSION

        The ALJ first determined that Mr. Parker had not
engaged in substantial gainful activity after his alleged onset
date.   The ALJ then determined that Mr. Parker had the following
severe  impairments:      degenerative  disc  disease  of  the
lumbosacral spine and borderline intellectual functioning.

        The ALJ assessed Mr. Parker's residual functional
capacity as follows:

>           the claimant has the residual functional
>           capacity to perform light work as defined by
>           20 CFR 404.1567(b) and 416.967(b) except
>           that he is able to only occasionally climb
>           (stairs and ramps), kneel, balance, stoop,
>           crouch and crawl; is unable to climb
>           ladders, ropes, or scaffolds; and should
>           avoid even moderate exposure to extreme cold
>           and hazards, such as moving machinery and
>           unprotected heights. He is also limited to
>           semi-skilled and unskilled jobs due to
>           possible intellectual limitations.

In determining Mr. Parker's residual functional capacity, the
ALJ gave full and appropriate consideration to the credible
impairments involving Mr. Parker's musculoskeletal issues and
borderline intellectual functioning.

                                4

With regard to Mr. Parker's alleged hand and breathing limitations, the ALJ was not required to address such claims as no relevant, pertinent, or probative evidence was presented regarding Mr. Parker's hand pain and shortness of breath. Johnson v. Commissioner of Social Security, 529 F.3d 198, 204 (3rd Cir. 2008). The only evidence of record about the alleged hand limitations was the complaints of Mr. Parker himself, and these complaints were not supported by objective evidence as no physician of record diagnosed Mr. Parker with hand impairments. Specifically as to Mr. Parker's shortness of breath, the medical exam of Mr. Parker's lung function did not result in a finding of lung impairment and the consulting pulmonologist advised Mr. Parker to cease smoking to combat his claimed shortness of breath.

With regard to Mr. Parker's claim that the ALJ did not properly analyze the medical evidence of record, the court finds this argument to be frivolous. The ALJ extensively reviewed the medical evidence of record and provided an explanation for the weight that was given to the various medical opinions. Additionally, the ALJ provided a rationale for all his credibility findings regarding Mr. Parker's alleged impairments based on the medical evidence of record. Moreover, the medical evidence of record does not include any physician offering an opinion that Mr. Parker was disabled and unable to work.

Finally, with regard to Mr. Parker's claim that the ALJ erred in relying on the vocational expert's testimony which was given in response to a hypothetical question that did not include all of Mr. Parker's alleged limitations, the court finds that the ALJ was not required to include all limitations asserted by Mr. Parker, but only those limitations that are credibly established and supported by evidence. Rutherford v. Barnhart, 399 F.3d 546, 554 (3d Cir. 2005). The ALJ properly rejected Mr. Parker's allegations regarding hand pain and shortness of breath as these alleged impairments were not credible or supported by medical evidence of record.

IV.   CONCLUSION

Based upon the foregoing reasons, we affirm the decision of the ALJ denying plaintiff's application for disability insurance benefits and supplemental security income benefits.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBERT E. PARKER,                    )
                                     )
            Plaintiff,               )
                                     )
      vs.                            )     Civil Action No. 10-0843
                                     )
MICHAEL J. ASTRUE,                   )
Commissioner of Social               )
Security,                            )
                                     )
            Defendant.               )

ORDER

AND NOW, this **6th** day of September, 2011, IT IS HEREBY ORDERED that plaintiff's motion for summary judgment [Doc. No. 8] is DENIED and defendant's motion for summary judgment [Doc. No. 12] is GRANTED.

IT IS FURTHER ORDERED that final judgment in the court is entered pursuant to Rule 58 of the Federal Rules of Civil Procedure and the Clerk of Court is directed to mark this case closed.

BY THE COURT:

, C.J.

cc: All Counsel of Record