IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBERT E. PARKER, )
       )
    Plaintiff, )
       )
    vs. ) Civil Action No. 10-0843
       )
MICHAEL J. ASTRUE, )
Commissioner of Social )
Security, )
       )
    Defendant. )

MEMORANDUM

Gary L. Lancaster,
Chief Judge.                           September 6, 2011

This is an appeal from the final decision of the Commissioner of Social Security denying plaintiff's claim for disability insurance benefits ("DIB") and supplemental security income benefits ("SSI") under Titles II and XVI of the Social Security Act ("Act"), 42 U.S.C. § 405, et seq.; 42 U.S.C. § 1381, et seq. Plaintiff, Robert Parker, alleges that the court should reverse the decision of the Administrative Law Judge ("ALJ") and award his benefits because he is disabled due to back pain, hand pain, borderline intellectual functioning, and shortness of breath. The parties have filed cross-motions for summary judgment.

Mr. Parker argues that when the ALJ made his determination regarding Mr. Parker's severe impairments, the ALJ erred in failing to discuss his conditions of hand pain and

shortness of breath. Mr. Parker also claims that the ALJ erred by improperly analyzing the medical evidence of record. Finally, Mr. Parker claims that the ALJ improperly relied upon the vocational expert's testimony in response to a hypothetical question that did not include his hand and breathing limitations. Defendant contends that there is substantial evidence to support the ALJ's ultimate conclusion that Mr. Parker is not disabled under the Act. According to defendant, the ALJ properly evaluated and considered Mr. Parker's credible impairments, and also properly considered the medical evidence and vocational expert's testimony.

Based on the evidence of record and the briefs filed in support of each party's motion for summary judgment, the court concludes that substantial evidence supports the Commissioner's finding that Mr. Parker is not disabled.

I.  BACKGROUND

Mr. Parker protectively applied for DIB and SSI benefits on August 17, 2007 alleging disability as of September 26, 2006. These claims were administratively denied on October 25, 2007. Mr. Parker responded by filing a written request for a hearing. On August 28, 2008, a hearing was held in Seven Fields, Pennsylvania before ALJ Wayne Stanley. Mr. Parker appeared and testified at the hearing. Mary Beth Kopar, an impartial vocational expert, also testified at the hearing. In

a decision dated September 12, 2008, the ALJ determined that Mr. Parker was not disabled within the meaning of the Act. On April 27, 2010 the Appeals Council denied Mr. Parker's request for review thereby making the ALJ's decision the final decision of the Commissioner. Mr. Parker commenced this action on June 23, 2010, seeking judicial review of the Commissioner's decision. Mr. Parker and the Commissioner filed motions for summary judgment on October 12, 2010 and November 15, 2010, respectively.

II.  STANDARD OF REVIEW

Where the Commissioner's findings are supported by substantial evidence, we must affirm. Richardson v. Perales, 402 U.S. 389 (1971); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988); see also Welch v. Heckler, 808 F.2d 264, 266-267 (3d Cir. 1988) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal district court may neither reweigh the evidence, nor reverse the Administrative Law Judge merely because it would have decided the claim differently).

Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Pierce v. Underwood, 487 U.S. 552, 565

3

(1988) (internal quotation marks omitted). As long as the Commissioner's decision is support by substantial evidence, it cannot be set aside even if the court "would have decided the factual inquiry differently." Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999).

III. DISCUSSION

The ALJ first determined that Mr. Parker had not engaged in substantial gainful activity after his alleged onset date. The ALJ then determined that Mr. Parker had the following severe impairments: degenerative disc disease of the lumbosacral spine and borderline intellectual functioning.

The ALJ assessed Mr. Parker's residual functional capacity as follows:

> the claimant has the residual functional capacity to perform light work as defined by 20 CFR 404.1567(b) and 416.967(b) except that he is able to only occasionally climb (stairs and ramps), kneel, balance, stoop, crouch and crawl; is unable to climb ladders, ropes, or scaffolds; and should avoid even moderate exposure to extreme cold and hazards, such as moving machinery and unprotected heights. He is also limited to semi-skilled and unskilled jobs due to possible intellectual limitations.

In determining Mr. Parker's residual functional capacity, the ALJ gave full and appropriate consideration to the credible impairments involving Mr. Parker's musculoskeletal issues and borderline intellectual functioning.

4

With regard to Mr. Parker's alleged hand and breathing limitations, the ALJ was not required to address such claims as no relevant, pertinent, or probative evidence was presented regarding Mr. Parker's hand pain and shortness of breath. Johnson v. Commissioner of Social Security, 529 F.3d 198, 204 (3rd Cir. 2008). The only evidence of record about the alleged hand limitations was the complaints of Mr. Parker himself, and these complaints were not supported by objective evidence as no physician of record diagnosed Mr. Parker with hand impairments. Specifically as to Mr. Parker's shortness of breath, the medical exam of Mr. Parker's lung function did not result in a finding of lung impairment and the consulting pulmonologist advised Mr. Parker to cease smoking to combat his claimed shortness of breath.

With regard to Mr. Parker's claim that the ALJ did not properly analyze the medical evidence of record, the court finds this argument to be frivolous. The ALJ extensively reviewed the medical evidence of record and provided an explanation for the weight that was given to the various medical opinions. Additionally, the ALJ provided a rationale for all his credibility findings regarding Mr. Parker's alleged impairments based on the medical evidence of record. Moreover, the medical evidence of record does not include any physician offering an opinion that Mr. Parker was disabled and unable to work.

Finally, with regard to Mr. Parker's claim that the ALJ erred in relying on the vocational expert's testimony which was given in response to a hypothetical question that did not include all of Mr. Parker's alleged limitations, the court finds that the ALJ was not required to include all limitations asserted by Mr. Parker, but only those limitations that are credibly established and supported by evidence. Rutherford v. Barnhart, 399 F.3d 546, 554 (3d Cir. 2005). The ALJ properly rejected Mr. Parker's allegations regarding hand pain and shortness of breath as these alleged impairments were not credible or supported by medical evidence of record.

IV. CONCLUSION

Based upon the foregoing reasons, we affirm the decision of the ALJ denying plaintiff's application for disability insurance benefits and supplemental security income benefits.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBERT E. PARKER, )
 )
      Plaintiff, )
 )
vs. ) Civil Action No. 10-0843
 )
MICHAEL J. ASTRUE, )
Commissioner of Social )
Security, )
 )
      Defendant. )

ORDER

AND NOW, this 6th day of September, 2011, IT IS HEREBY ORDERED that plaintiff's motion for summary judgment [Doc. No. 8] is DENIED and defendant's motion for summary judgment [Doc. No. 12] is GRANTED.

IT IS FURTHER ORDERED that final judgment in the court is entered pursuant to Rule 58 of the Federal Rules of Civil Procedure and the Clerk of Court is directed to mark this case closed.

BY THE COURT:

/s/ Gary L. Lancaster, C.J.

cc: All Counsel of Record